UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOEL POLANCO,

                        Plaintiff,

      -against-

ANDREW M. SAUL,[1]

                        Defendant.
------------------------------------------------------------x

No. 16-CV-9532 (CM) (OTW)

**REPORT & RECOMMENDATION**

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2020

**ONA T. WANG, United States Magistrate Judge:**

To the Honorable Colleen McMahon, Chief United States District Judge:

Plaintiff Joel Polanco ("Plaintiff") brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). (ECF 1). Following a subsequent award of past-due benefits by the Social Security Administration ("SSA"), Plaintiff's counsel, Christopher J. Bowes, now seeks approval under 42 U.S.C. §406(b) of attorney's fees pursuant to his contingent fee agreement with Plaintiff. (ECF 19). The Commissioner does not object to the motion or the amount requested, but only objects to the method by which Plaintiff's counsel seeks to have the award offset by the fees amount previously awarded to Plaintiff under the Equal Access to Justice Act

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Andrew M. Saul for Defendant "Carolyn W. Colvin, Acting Commissioner, Social Security Administration."

9/17/2020 No objections have been filed. The Court adopts the Report as its opinion and grants the plaintiff's counsel an award of $31,400, and directs counsel to refund to Plaintiff the $5,800 previously awarded under the EAJA.

("EAJA").[2] For the following reasons, I recommend that Plaintiff's motion for attorney's fees be granted in the amount of $31,400 and that Plaintiff's counsel be ordered to refund to Plaintiff the $5,800 previously awarded under the EAJA.

## I. Background

Plaintiff filed for DIB on July 17, 2013, alleging, *inter alia*, herniated lumbar discs, radiculopathy, World Trade Center lung disease, and cardiovascular disease. *See* Declaration of Christopher J. Bowes ("Bowes Decl.") (ECF 20) ¶ 4. After the SSA initially denied Plaintiff's claim, Plaintiff requested and received a hearing before an administrative law judge ("ALJ"). *Id.* ¶¶ 5-6. At the hearing, Plaintiff was represented by an attorney from Ungaro & Cifuni LLP (not Mr. Bowes). *Id.* ¶ 6; Declaration of Robert A. Ungaro Regarding Plaintiff's Motion for Approval of the Contingent Fee Agreement Pursuant to 42 U.S.C. §406(b) ("Ungaro Decl.") (ECF 27-1) ¶¶ 2-3. ALJ Brian Lemoine issued a decision dated September 11, 2015, denying Plaintiff's application upon finding that Plaintiff could still perform his previous work as a police officer. Bowes Decl. ¶ 7. The Appeals Council subsequently denied review of the ALJ's decision, rendering the Commissioner's decision final. *Id.* ¶ 8.

Although Plaintiff was represented by Ungaro & Cifuni LLP during the administrative proceedings, Plaintiff then signed a separate retainer agreement with Ungaro & Cifuni LLP on November 1, 2016 to also represent him in federal court to challenge the Commissioner's final decision.[3] Bowes Decl., Ex. A; Ungaro Decl. ¶¶ 2-6. Pursuant to the November 1 retention

---

[2] Under the EAJA, the prevailing party in a suit against the United States may recover attorney's fees unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

[3] Mr. Robert Ungaro, a founding member of Ungaro & Cifuni LLP, confirmed that Mr. Bowes is still of counsel with Ungaro & Cifuni LLP. Ungaro Decl. ¶¶ 5, 7. Therefore, although the docket lists Mr. Bowes as practicing with "The

2

agreement, Plaintiff agreed to pay Ungaro & Cifuni LLP "25% of all retroactive or past due social security disability benefits awarded." Bowes Decl., Ex A. After the agreement was signed, Mr. Bowes took over representation of Plaintiff's case in federal court. Ungaro Decl. ¶ 5. Plaintiff filed his complaint in this Court on June 3, 2016. (ECF 1).

Plaintiff filed a motion for judgment on the pleadings on August 18, 2017. (ECF 11). On September 18, 2017, the parties notified the Court that they had agreed to remand the case for further proceedings. (ECF 13). Following the parties' stipulation to remand, Plaintiff was awarded $5,800 in attorney's fees on January 9, 2018 under the Equal Access to Justice Act, 28 U.S.C. §2412. (ECF 18). On remand, another attorney from Ungaro & Cifuni represented Plaintiff in his remand hearing before ALJ Lemoine. Bowes Decl. ¶ 13. ALJ Lemoine subsequently issued a decision on April 25, 2019, finding Plaintiff disabled as of the onset date of October 9, 2012. *Id*. In a notice dated October 6, 2019, the SSA informed Plaintiff that he was awarded $187,923[4] in past due benefits, covering the period from April 2013 to April 2019. *Id*. ¶ 14; Ex. C. Plaintiff subsequently filed the instant motion for attorney's fees on October 20, 2019. (ECF 19).

II. **Discussion**

   a. **Reasonableness**

Section 406(b) states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,

---

Law Office of Christopher James Bowes, Esq.," the submitted contingent fee agreement between Plaintiff and Ungaro & Cifuni LLP is still the operative fee agreement.

[4] The Social Security Administration withheld 25% of the owed benefits, $46,980.75, for payment of attorney's fees. Bowes Decl., Ex C.

3

and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Courts have generally held that §406(b) should be interpreted to give a party the freedom to enter into contingent-fee agreements with counsel. *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Although the Court does not need to employ the lodestar approach for fees under §406(b), as is common in other fee-shifting statutes, the Court must still conduct an "independent check" to determine that the requested fees are "reasonable." See *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). The reasonableness test for §406 looks at three factors: (1) whether the requested fees exceeds the 25% cap, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall" to counsel. *Wells*, 907 F.2d at 372.

Here, Plaintiff's counsel seeks $31,400, which is well below the twenty-five percent statutory limit ($187,923.00 x 0.25 = $46,980.75). Nor is there any evidence that the contingent fee agreement was reached through "fraud or overreaching." As to whether the requested fees constitute a windfall, the Court will consider:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)). Here, as a result of counsel's representation, Plaintiff achieved a favorable result: a remand from the federal court which led to a subsequent favorable decision from the SSA finding entitlement to full disability benefits.

Plaintiff's counsel billed 31.4 hours on the matter, *see* Bowes Decl., Ex. B, which is reasonable for the work expended. *See Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (noting courts find "twenty to forty hours" a reasonable amount of time in Social Security cases). This efficiency is likely attributable to Plaintiff's counsel's more than twenty-five years of experience with Social Security appeals. *See* Bowes Decl. ¶ 26. By seeking $31,400 in fees for 31.4 hours expended, Plaintiff's counsel is requesting approval of a $1,000 hourly rate. Although this rate is on the higher end, "courts in this Circuit routinely approve fee awards in the social security context that are above the regular hourly rates." *Heffernan v. Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015). Some courts have rejected a $1,000 hourly rate where no motion practice was made, but here, Plaintiff's counsel drafted a motion for judgment on the pleadings, which required legal research and extensive citation to a 433-page administrative record. *Compare Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) (rejecting Mr. Bowes's $1,000 hourly rate where the only substantive work done was drafting the complaint) *with Morrison v. Saul*, No. 16-CV-4168 (OTW), 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving Mr. Bowes's $935.52 hourly rate where he filed a non-boilerplate motion for judgment on the pleadings); *McDonald v. Comm'r of Social Security*, No. 16-CV-926 (FPG), 2019 WL 1375084, at *3 (W.D.N.Y. Mar. 27, 2019) (noting difference between "modest amount of work" and actually briefing the merits of

5

the case). *See also Torres v. Colvin*, No. 11-CV-5309 (JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) (approving Mr. Bowes's $1,000 hourly rate). Accordingly, I recommend finding as reasonable Plaintiff's counsel's request for $31,400 in fees.

### b. Method of Offset

Plaintiff's counsel then requests that the award be reduced to $25,600 to offset the $5,800 in fees previously awarded under the EAJA ($31,400 - $5,800). (ECF 21 at 7). The Commissioner argues that the correct procedure instead is for Plaintiff's counsel to refund any EAJA fees directly to Plaintiff instead of requiring the Court and the Commissioner to calculate the net payment owed to Plaintiff's counsel. (ECF 23 at 2). Although I recognize that the Commissioner's approach would require an additional step by Plaintiff's counsel, convenience does not trump case law. Plaintiff's counsel should be awarded the full $31,400 in requested attorney's fees and then directly pay Plaintiff the $5,800 EAJA award initially taken for fees. *See Gisbrecht*, 535 U.S. at 789 ("the claimant's attorney must refund to the claimant the amount of the smaller fee"); *Guzman v. Comm'r of Soc. Sec.*, No. 15-CV-3920 (VB) (LMS), 2019 WL 4935041, at *4 (S.D.N.Y. Aug. 1, 2019) (finding no case law in this District "that uphold[s] Plaintiff's counsel's offset theory"), *adopted by* 2019 WL 4933596 (S.D.N.Y. Oct. 7, 2019).

### III. Conclusion

For the foregoing reasons, I recommend granting Plaintiff's counsel an award of $31,400 pursuant to 42 U.S.C. §406(b) and ordering that Plaintiff's counsel promptly refund to Plaintiff the $5,800 previously awarded to Plaintiff under the EAJA. The March 25, 2020 status conference before the undersigned is hereby adjourned *sine die*.

## IV. Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Colleen McMahon, United States District Judge. Any request for an extension of time for filing objections must be directed to Judge McMahon.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983)).

Respectfully submitted,

Dated: February 25, 2020
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge